IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02129-GPG

ALBERT MAMYROV (alien registration number A 241 380 031),

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the ICE Denver Contract Detention Facility,
GEORGE VALDEZ, in his official capacity as Director of the Denver Field Office of United States Immigration and Customs Enforcement, Enforcement and Removal Operations,
MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

     Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Petition For Writ of Habeas Corpus (Petition) (D. 1).

Petitioner Albert Mamyrov alleges that he entered the United States and applied for asylum in 2023 (D. 1 at 2).  He is presently subject to immigration proceedings that are on appeal (id. at 3).  He is unclear on the legal basis for his detention (*id*. at 3–4).  At the time the Petition was filed, he was held the Denver Contract Detention Facility in Aurora, Colorado (*id*. at 5).

Petitioner presented sufficient allegations to indicate Respondents will not, under current policy, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) and instead purports to improperly detain him under § 1225(b)(2)(A) (D. 1 at 9).[1]  *See Barreno v. Baltasar*, No. 25-CV-

---

[1] The Court is currently making no determination that provision of a bond hearing under § 1226(a) is the correct framing of this issue and anticipates Respondents will address the issue in their briefing.

03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (finding immigrant "not detained while attempting to enter the country and [without] other circumstances that would subject her to mandatory detention" was "entitled to a bond hearing"). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). The Court will order a response.

Petitioner's counsel is directed to serve Respondents with a copy of the Petition (or amended petition) and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance, and, within twenty one (21) days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted either requiring a bond hearing within seven days or Petitioner's release from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)); *Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

DATED May 21, 2026.

BY THE COURT:

_____

Gordon P. Gallagher
United States District Judge