IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02129-GPG

ALBERT MAMYROV (alien registration number A 241 380 031),

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the ICE Denver Contract Detention Facility,
GEORGE VALDEZ, in his official capacity as Director of the Denver Field Office of United States Immigration and Customs Enforcement, Enforcement and Removal Operations,
MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

     Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Petition For Writ of Habeas Corpus (Petition) (D. 2). The Court DENIES the Petition for the following reasons.

## I. BACKGROUND

At first blush, this case appears to be one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025). However, unlike

1

petitioners in most such cases, Petitioner was detained at the border and never released (*see* D. 10-1 at 2).[1]

On November 4, 2023, Petitioner applied for admission to the United States at the Hidalgo, Texas, Port of Entry (*id*.).  He did not have a visa or other document authorizing his admission into the United States. Petitioner requested asylum in the United States (*id*.).  In such circumstances, applicable statutes provide for a credible fear interview and potential expedited removal.  *See* 8 U.S.C. § 1225(b)(1)(ii).  But Petitioner was not given a credible fear interview and, instead, was transferred to ICE custody and issued a notice to appear (NTA) and warrant (D. 10-1 at 2–3).  His case has since been caught up in hearings, appeals, and remands for years (*id*. at 3-4).  At present, he is appealing an Immigration Judge (IJ) decision denying his application for asylum to the Board of Immigration Appeals (BIA) (*id*. at 5).

Petitioner seeks release or, in the alternative, a bond hearing (D. 1).  He asserts that he is entitled to habeas relief on two basis (1) that he is improperly detained without a bond hearing under 8 U.S.C. § 1225 and (2) that he is indefinitely detained in violation of his due process rights under the Fifth Amendment (D. 1; D. 12).

## II.  LEGAL STANDARDS

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

---

[1] The Court draws the facts from the Declaration of Austin Allbritton (D. 10-1), an ICE officer.  The facts contained therein do not contradict the Petition and are not challenged in Petitioner's Reply (D. 12).

In *Zadvydas v. Davis*, the United States Supreme Court held that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Id*. at 683 (citing 8 U.S.C. § 1231(a)(2)). Thereafter, detention is discretionary. *Id*. (citing 8 U.S.C. § 1231(a)(6)). After a "6–month period" of detention following an order of removal, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

After *Zadvydas*, the Attorney General promulgated regulations providing procedures and standards to "'continue detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.'" *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242–43 (10th Cir. 2008) (quoting 8 C.F.R. § 241.14(a)).

### III. ANALYSIS

Plaintiff argues that, notwithstanding being detained since arriving in the United States, he is necessarily detained under 8 U.S.C. § 1226 because of the procedural irregularities in his case and that, regardless, his prolonged detention violates due process.

#### A. Plaintiff is Properly Detained under 1225.

In his Petition, Petitioner asserted that it was unclear what statutory provision he was detained under (D. 2 at 8). Respondents assert that he is detained pursuant to 8 U.S.C. § 1225(b) (D. 10 at 2; D. 10-1 at 5). In Reply, Plaintiff argues that he cannot be detained under § 1225(b)

because he was not given a credible fear interview and instead issued a NTA and detained pursuant to a warrant.

The Court agrees with Respondents. Under 8 U.S.C. § 1225(a) an "applicant for admission" includes anyone that "who arrives in the United States (whether or not at a designated port of arrival"). Plaintiff arrived in the United States at a designated port of arrival and fits within this definition. *See Mullin v. Al Otro Lado*, No. 25-5, 609 U.S. ----, 2026 WL 1825741, at \*3 (June 25, 2026). Under § 1225(b)(2)(A), such an "an applicant for admission. . . shall be detained for a proceeding under section 1229a of this title." Petitioner's application for asylum, filed and considered in removal proceedings, is such a proceeding. *Cf.* 8 U.S.C.A. § 1229a(c)(7)(C)(iii) (providing procedures for motions to reopen asylum application in removal proceedings). Therefore, Petitioner may be detained under § 1225.

Petitioner's arguments based on the procedural irregularities in his case show nothing more than that he could also potentially be detained under § 1226(a) because a warrant was issued. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). But this does not help Petitioner. Detention under § 1225(b)(2)(A) is mandatory and applies to him, so he must be detained. Although Petitioner notes that he should have been given a credible fear interview and potentially subject to expedited removal, he would still be subject to mandatory detention under that statutory framework. 8 U.S.C. § 1225(b)(1)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution . . . , the alien shall be detained for further consideration of the application for asylum."). Thus, Petitioner cannot claim to be prejudiced by the procedural irregularity. *See Duran-Hernandez v. Ashcroft*, 348 F.3d 1158,

1163 (10th Cir. 2003) (finding that an immigration applicant's "failure to prove prejudice leads us to reject [their] due process claim"). Accordingly, the Court finds that Petitioner is subject to mandatory detention under § 1225.

### B. Petitioner is Not Subject to Indefinite Detention.

There is no dispute that Petitioner has been detained for an extended period of time. Nonetheless, the Court finds that he has not shown a due process violation. The Court has previously addressed the process due to applicants for admission properly detained pursuant to § 1225 in *Bonilla Espinoza v. Ceja*, No. 25-cv-01120-GPG, ECF No. 11 at 13 (D. Colo. May 21, 2025). After reviewing relevant law, the Court concluded:

> In sum, caselaw from the Supreme Court, Tenth Circuit, and other district courts within the Tenth Circuit compels the Court to conclude that Petitioner, as an applicant for admission, is entitled to only the process Congress has conferred on him by statute. Petitioner does not and cannot argue that he is not receiving the process Congress has established for detainees in his circumstances. As the Supreme Court has held, § 1225(b), the statute under which Petitioner is detained, does not create a statutory right to a bond hearing. Jennings, 583 U.S. at 297. Thus, in detaining Petitioner without a bond hearing, Respondents are not violating Petitioner's procedural due process rights. See Gonzalez Aguilar, 448 F. Supp. 3d at 1212 (concluding that the petitioner had "no due-process right to the relief requested" in the absence of a statutory right to release or a bond hearing).

(*id*. at 17–18). Petitioner, like the detainee in *Bonilla Espinoza,* would be released if he succeeded in his immigration application (*id*. at 13). Thus, his detention is not indefinite (*id*. at 21) ("The common thread that the Court draws from *Zadvydas*, *Demore*, and *Jennings* is that it is the prospect of indefinite detention that presents a due process issue and that, at least as a general matter, the government may detain a noncitizen during ongoing removal or asylum proceedings."). "Detention during removal proceedings is a constitutionally permissible part of that process."

*Demore v. Kim*, 538 U.S. 510, 531 (2003).  Accordingly, the Court finds that Petitioner has not shown a due process violation based on his detention during his pending application process at this point.

## IV. CONCLUSION

For the reasons set fourth above, the Petition (D. 2) is DENIED.  The Clerk of Court shall close this case.

DATED July 1, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge